**The document below is hereby signed.**

**Dated: February 17, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
           UNITED STATES BANKRUPTCY COURT
            FOR THE DISTRICT OF COLUMBIA
```

In re                         )
                              )
ABDEEL H. WADE and LUCINDA    )   Case No. 11-00849
A. WADE,                      )   (Chapter 7)
                              )   For publication in West's
            Debtors.          )   Bankruptcy Reporter.

MEMORANDUM DECISION RE OBJECTION TO EXEMPTIONS

The chapter 7 trustee has objected to the exemptions claimed by the debtors, Abdeel H. Wade and Lucinda A. Wade.[1] The objection will be sustained in large part.[2]

I

First, the trustee objects that the exemptions claimed under D.C. Code § 15-501(a)(3) are improper to the extent that they

---

[1] Pursuant to 11 U.S.C. § 522(b)(1), the Wades elected not to claim exemptions under 11 U.S.C. § 522(d), and elected instead to claim the exemptions available to them under 11 U.S.C. § 522(b)(3), which includes, as to them, exemptions available under District of Columbia law.

[2] To the extent that the trustee's awkwardly worded objection could be construed as objecting to the Wades' exemption of the equity in their residence (which I do not believe was the trustee's intention) that objection will be overruled. The objection sets forth no basis for disallowing that exemption.

exceed $850 per debtor.[3]  Under § 15-501(a)(3), a debtor may exempt "the debtor's aggregate interest in any property, not to exceed $850 in value, plus up to $8,075 of any unused amount of the exemption provided under paragraph (14) of this subsection." In turn, § 15-501(a)(14) allows a debtor to exempt "the debtor's aggregate interest in real property used as the residence of the debtor . . . ."  The Wades scheduled their residence as worth $822,300, and as being subject to secured claims in the amount of $735,000.  In other words, the Wades have at most $87,300 of equity in their residence, and there is no remaining value to exempt from the estate.

    That $87,300 is precisely the amount that they claimed as exempt under § 15-501(a)(14).  Accordingly, there is no unused portion of their § 15-501(a)(14) exemption.  It follows that their exemption under § 15-501(a)(3) is limited to $850.  *See In re McDonald*, 279 B.R. 382, 388 (Bankr. D.D.C. 2002) ("[A] debtor who exempts the full amount of equity in her residence in an amount exceeding $8,075 pursuant to § 15-105(a)(14) may only exempt $850 of other property under § 15-501(a)(3).").

    The Wades, however, argue that because they exempted only $87,300 of the $833,200 total value of their residence, they have

---

    [3]  The exemptions, in fact, total $1,700 or $850 for each of the Wades.  But the trustee and the Wades have addressed the issue as though the Wades might attempt to exempt greater amounts under § 15-501(a)(3) with respect to exemptions disallowed under § 15-501(a)(2).  Accordingly, I will address the issue.

left unused $745,900 of their available exemption under § 15-501(a)(14).  I reject that argument for the following reasons.

A

Like an exemption under 11 U.S.C. § 522(d)(1),[4] an exemption under D.C. Code § 15-501(a)(14) is, in relevant part, limited to the debtor's "aggregate interest" in the real property used as the debtor's residence.  Accordingly, the Wades are in error in assuming that § 15-501(a)(14) can be invoked as to the entire value of their encumbered residence.  *See Drummond v. Urban ( In re Urban)*, 375 B.R. 882, 886 n.7 (9th Cir. B.A.P. 2007) ("Section 522(d) exempts the debtor's interest in property--not the property itself.  The value that can be exempted is the unencumbered portion.").  *See also In re Bethea*, 275 B.R. 127, 129 (Bankr. D.D.C. 2002) ("§ 522 treats a debtor's interest in real property as distinct from a mortgagee's lien on that property.").

As explained in *Owen v. Owen*, 500 U.S. 305, 308-309 (1991):

> if a debtor holds only bare legal title to his house--if, for example, the house is subject to a purchase-money mortgage for its full value--then only that legal interest passes to the estate; the equitable interest remains with the mortgage holder, § 541(d).  And since the equitable interest does not pass to the estate, neither can it pass to the debtor as an exempt interest in property. Legal title will pass, and can be the subject of an exemption; but the property will remain

---

[4] Section 522(d)(1) is the exemption of a residence available when a debtor elects 11 U.S.C. § 522(d) exemptions. *See* n.1, *supra*.

3

> subject to the lien interest of the mortgage holder.
> This was the rule of *Long v. Bullard*, 117 U.S. 617, 6
> S.Ct. 917, 29 L. Ed. 1004 (1886), codified in § 522.
> Only where the Code empowers the court to avoid liens or
> transfers can an interest originally not within the
> estate be passed to the estate, and subsequently (through
> the claim of an exemption) to the debtor.

In other words (with exceptions of no relevance here), liens are superior to any right of exemption, and the only realizable *value* that is property of the estate and that may be exempted is the debtor's equity in the property (the debtor's "aggregate interest" in the property).

The D.C. statute recognizes this by limiting the residence exemption to "the debtor's aggregate interest in real property used as the residence of the debtor, . . . except nothing relative to these exemptions shall impair the following debt instruments on real property: deed of trust, mortgage, mechanic's lien, or tax lien."  D.C. Code § 15-501(a)(14).  Even if the D.C. Code did not so provide, 11 U.S.C. § 522(c)(2)--effective as to both exemptions under 11 U.S.C. § 522(d) and exemptions under other law--makes an unavoided lien effective against any claim of exemption.  If the trustee avoids a lien, the lien is preserved for the benefit of the estate under 11 U.S.C. § 551.  Such an avoided lien remains effective against the exemption claim even if the debtor had claimed the entire property exempt.  *See In re Bethea*, 275 B.R. at 129-134.

4

B

*Owen v. Owen* suggests that an exemption statute may allow bare legal title to be exempted. Assume that D.C. Code § 15-501(a)(14) allows a debtor to exempt not just her equitable interest in her residence but also the non-equity rights in the residence that correspond to the part of the property value as to which she has no equity (because it secures the amount of the lienor's claim). For purposes of § 15-501(a)(3), what dollar amount should be assigned to that unutilized § 15-501(a)(14) exemption?

That is an academic question here. The Wades have lumped all of their interests in the property together, exempting all but the amount subject to a lien that leaves nothing of value to be exempted from the estate. They have no "unused amount" of their § 15-501(a)(14) exemption.[5]

An exemption is the withdrawal from the estate of a property right and vesting that property right in the debtor. For purposes of placing a value on the exemption, it is the value by

---

[5] The Wades scheduled their residence on their Schedule A (their schedule of real property) and their Schedule C (their schedule of claimed exemptions) without distinguishing between the part as to which they may have an equity interest, and the part as to which they have no such equity interest. On Schedule A, the Wades valued the real property on Schedule A as worth $822,300, and as being subject to secured claims in the amount of $735,000. On Schedule C, they exempted $87,300. In other words, all that they have not exempted is the part of the property that is fully encumbered and that would realize nothing for the estate.

which the estate has been depleted by the exemption that should count in determining the amount of any unused § 15-501(a)(14) exemption.  Here, the non-exempted part of the real property's value (which the Wades have allocated without distinction to both their equity and non-equity interests in the property) is of no value to the estate because the lien on the property fully encumbers that value.  Accordingly, on this record, the Wades have exempted all of the value they could exempt under § 15-501(a)(14), and there is no unused exemption under § 15-501(a)(14) to use under § 15-501(a)(3).

It is thus unnecessary to delve into exactly what interests the Wades have aside from their equity in the property,[6] but even if they had *not* exempted their non-equity interest in the property, the outcome would be the same.  Their non-equity interest in the property might entitle them to a right of redemption and the right to remain in the property until it is foreclosed, but presumably they do not wish to transfer those

---

[6] For all we know, legal title is held by a trustee under a deed of trust.  The parties have not briefed whether the District of Columbia is a so-called title state or a lien state when it comes to the status of a trustee under a deed of trust.  But instead of attempting to decide whether the Wades have a bare legal title, I will simply refer to the Wades' non-equity interest.  That interest, whether it is treated as a legal title interest or not, confers upon them certain rights, including a right of redemption, and a right to remain in the property until it is foreclosed.  I will assume (without deciding) that those are part of their rights that could be exempted under § 15-501(a)(14).

6

rights to the trustee.  Even if they did, such rights would have practically nil value to the estate.  What counts from the standpoint of what the estate could realize is the Wades' equity in the property.  Correspondingly, exempting the right of redemption and the right to remain in the property would be an exemption having no meaningful economic value to the estate.  Accordingly, if the Wades had not exempted those rights, the "unused amount" of the § 15-501(a)(14) exemption would be fixed at zero for purposes of § 15-501(a)(3).[7]

Of course, a debtor's right of redemption and her right to remain in the property until it is foreclosed may have considerable value to her, but that is of no concern to unsecured creditors as the beneficiaries of the bankruptcy estate.  The bankruptcy estate would realize no meaningful value from those rights whether they are exempted or not (as either way, the lienor is entitled to the proceeds of any sale to satisfy the amount of its lien claim).

---

[7] Assume, without it actually being decided, that if a debtor rents part of a real property residence, the rents from that property arguably are part of that real property (and not a proceed of the lease as a separate personal property right) and exemptible under § 15-501(a)(14) if they are unencumbered.  A failure to exempt the rents might result in part of a debtor's § 15-501(a)(14) exemption going unused.  But here, the Wades have scheduled no leases, and, as already noted, have lumped all of their interests in the property together, exempting all but the amount subject to a lien that leaves nothing of value to be exempted from the estate.  They have no "unused amount" of their § 15-501(a)(14) exemption.

In conclusion, the Wades had no "unused amount" of the exemption provided under § 15-501(a)(14), and their § 15-501(a)(3) exemption is limited to $850 for each debtor.

II

The trustee next objects that the Wades cannot exempt under D.C. Code § 15-501(a)(2) any item valued at more than the per item limit imposed by that provision, which is $425.  Section 15-501(a)(2) provides that a debtor may exempt:

> the debtor's interest, not to exceed $425 in value, in any particular item or $8,625 in aggregate value in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor.

The Wades argue that:

> The plain reading of D.C. Code Ann. § 15-501(a)(2) allows a debtor to exempt $425 for any particular item *or* up to $8,625 in the aggregate of all items exempted under that section. Since the Debtors have separately exempted less than $8,625 in total value under D.C. Code Ann. § 15-501(a)(2), their exemptions under this section have been properly claimed.

The only sensible reading of § 15-501(a)(2) is that the exemptions claimed thereunder must not exceed $425 in value in any particular item and must not exceed $8,625 in aggregate value.  That is how the analogous provision of 11 U.S.C. § 522(d)(3) has been consistently interpreted.  *See*, *e.g.*, *In re Williams*, 181 B.R. 298, 302 (Bankr. W.D. Mich. 1995) ("Section 522(d)(3) clearly provides that a debtor may exempt his interest

8

in household furnishings, up to an aggregate of $8,000 but 'not to exceed $400 in value in any particular item.'"). Accordingly, the court sustains the trustee's objection that no more than $425 of the value of any particular item either of the Wades owns may be claimed exempt.

The Wades claimed the following property exempt under § 15-502(a)(2):

| Wearing Apparel | Amount Claimed Exempt |
|---|---|
| Clothing | $1,000.00 |
| Clothing | $1,000.00 |
| Wedding band | $1,000.00 |
| Furs and Jewelry | |
| Engagement ring and wedding band | $2,000.00 |

The court will require the Wades to turn over to the trustee the $1,000.00 wedding band, with only $425 of that item being exemptible.

As to the other items recited above, it is impossible to tell which individual items may exceed $425 in value. For example, the "Engagement ring and wedding band" might consist of one item worth only $425 (and thus fully exemptible) with the other item being worth $1,525 and exemptible only to the tune of $425. By failing to itemize each item being exempted, the Wades have created this problem, and, accordingly, I will direct them to turn over the property to the trustee (except to the extent

9

that the trustee determines that he does not desire turnover), with the Wades' exemption amount being limited to $425 for each item.

In two instances, the Wades have claimed an exemption under § 15-501(a)(2) of household goods, lumping together multiple items as to which the group of property is valued at an amount exceeding $425 (without exemption amounts having been claimed as to individual items). For example, the Wades have claimed "4 Televisions, Video camera, 3 DVD Players" with a value of $1,200 as exempt in the amount of $200 pursuant to § 15-501(a)(2). Because that exemption was limited to $200, but the property is worth $1,200, the trustee is entitled to turnover of the property with the Wades to be entitled to recover $200 out of the proceeds.[8] The court will similarly require turnover as to the other group of items claimed to be exempt under § 15-501(a)(2) and for which the value of the group of items is listed as exceeding $425 (without exemption amounts having been claimed as to individual items). As to both groups, the Wades need not make turnover of an item if the trustee advises that he does not desire turnover of the item.

---

[8] The Wades could amend the exemption as to each item to assert no more than $425 exempt as to each item. The exemption of an aggregate amount of only $200 for the group of items does not make sense.

10

III

The Wades have exempted numerous items under § 15-501(a)(2) that do not qualify for exemption under that provision, including checking, savings, and money market accounts, a Scottrade account, a TD Ameritrade investment account, and a 2010 D.C. income tax refund. Those items should be promptly turned over to the trustee.

IV

The trustee also requests that the Wades be required to turn over their automobiles because the amount they could exempt under D.C. Code § 15-501(a)(1) is less than the value of the two vehicles (valued at $4,455.00 and $6,175.00, and unencumbered by any lien), and no exemption remains available under § 15-501(a)(3) as to those vehicles (the $850 per debtor having been utilized with respect to other property claimed to be exempt). The court will order turnover of the two vehicles (unless the parties agree on a value to be paid the trustee in lieu of turnover), and the exempt amount for each vehicle is limited to $2,575 the maximum exemption allowed by § 15-501(a)(1)).

V

An order follows.

[Signed and dated above.]

Copies to: Debtors; recipients of e-notification.

R:\Common\TeelSW\Judge Temp Docs\Wade (Abdeel) Mem Decon re Object to Exemps v3.wpd